IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

FILED
2009 NOV 16 P 1:59

| | |
|---|---|
| THE NETHERLANDS INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.: 4:09-cv-110 Mattice/Lee |
| SCHMIEDE CORPORATION A/K/A SCHMIEDE MACHINE AND TOOL CORPORATION, TIMOTHY P. BERUBE, JOHN VANIMAN, JOHN GAMBLE, GEORGE W. KING, JR., MILTON L. MOSS, NEAL PARKER, WILBERT CARLTON, STEPHEN KING, RAY BURNS, DEBORAH WATKINS, LEONARD PONDER, BARBARA KING & PATRICIA BURNS, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Netherlands Insurance Company ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment, and, for its causes of action, states as follows:

1. Plaintiff is a New Hampshire corporation with its principal place of business in Keene, New Hampshire.

2. Defendant Schmiede Corporation a/k/a Schmiede Machine and Tool ("Schmiede") is a Tennessee corporation with its principal place of business in Tullahoma, Tennessee.

3. Defendant Neal Parker is a named plaintiff in a lawsuit filed in 2004 in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action N. 1:04-

CV-0606-RWS and styled "Neal Parker, Wilbert Carlton, Stephen King, Ray Burns, Deborah Watkins, Leonard Ponder, Barbara King & Patricia Burns, Individually and as Representative Plaintiffs on behalf of all others similarly situated and each of the Plaintiffs listed on Attachment A, Plaintiffs v. Brush Wellman, Inc.; Schmiede Machine and Tool Corporation; Thyssenkrupp Materials NA, Inc. d/b/a/ Copper and Brass Sales; Axsys Technologies, Inc.; Alcoa, Inc.; McCann Aerospace Machining Corporation; Cobb Tool, Inc.; and Lockheed Martin Corporation, Defendants" (hereinafter referred to as the "2004 Lawsuit") and, upon information and belief, an adult resident of Georgia.

4. Defendant Wilbert Carlton is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

5. Defendant Ray Burns is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

6. Defendant Deborah Watkins is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

7. Defendant Leonard Ponder is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

8. Defendant Barbara King is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

9. Defendant Patricia Burns is a named plaintiff in the 2004 Lawsuit and, upon information and belief, an adult resident of Georgia.

10. Defendant Stephen King is an adult resident of Georgia and a named plaintiff in the 2004 Lawsuit. Defendant Stephen King is also a named plaintiff in a lawsuit filed in 2008 in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil

Action N. 1:08-CV2725-RWS and styled "Timothy P. Berube, John Vaniman, Johns Gamble, George W. King, Jr., Milton L. Moss, Stephen King, Ernest Dunton, and Matthew Bell, Plaintiffs v. Brush Wellman, Inc., Schmiede Machine and Tool Corporation, Thyssenkrupp Materials NA, Inc. (d/b/a/ Copper and Brass Sales), Alcoa, Inc., and McCann Aerospace Machining Corporation, Defendants" (hereinafter referred to as the "2008 Lawsuit").

11. Defendant Timothy P. Berube is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

12. Defendant John Vaniman is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

13. Defendant John Gamble is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

14. Defendant George W. King, Jr. is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

15. Defendant Milton L. Moss is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

16. Defendant Ernest Dunton is an adult resident of Georgia and a named plaintiff in the 2008 Lawsuit.

17. Defendant Matthew Bell is a named plaintiff in the 2008 Lawsuit and, upon information and belief, an adult resident of Georgia.

18. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this declaratory judgment action because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states. This action is

further based on 28 U.S.C. § 2201, which provides that this Court, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such a declaration. Venue is proper under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

19. The individuals listed in paragraphs 3 – 17 have been named as defendants in this matter because they might have a pecuniary interest in its outcome.

20. In or about January 2004, Plaintiff issued and delivered to Schmiede policy number CBP9802681 ("the Policy"). Pursuant to the terms of the Policy, Plaintiff agreed to insure Schmiede from January 1, 2004 to January 1, 2005 against certain losses and liabilities.

21. The plaintiffs in the 2004 Lawsuit sued Schmiede and other defendants alleging that plaintiffs, as employees of Lockheed Martin, were exposed to certain products that contained beryllium that were sold to Lockheed Martin. The plaintiffs in the 2004 Lawsuit alleged further that Schmiede manufactured, fabricated, or distributed the beryllium-containing products.

22. The plaintiffs in the 2008 Lawsuit sued Schmiede and other defendants alleging that plaintiffs sustained personal injuries from being exposed to beryllium from beryllium-containing products used at the Lockheed Martin plant in Marietta, Georgia where they were employed. The plaintiffs in the 2008 Lawsuit alleged further that Schmiede is a manufacturer, fabricator, distributor, or machiner of beryllium-containing products sold to and used at the Lockheed Martin plant, and is liable to plaintiffs under theories of negligence, strict liability in tort, and strict liability for abnormally dangerous and ultra-hazardous activities.

23. Schmiede sold to Lockheed Martin an aircraft product. More specifically, Schmiede sold Lockheed Martin dummy landing gear assemblies to be used in testing military

aircraft. It is alleged in the 2004 Lawsuit and in the 2008 Lawsuit that this product contains beryllium copper bushings.

24. Schmiede has made claims under the Policy as a result of the 2004 Lawsuit and 2008 Lawsuit.

25. Plaintiff in this case has provided, and continues to provide, a defense to Schmiede in both the 2004 Lawsuit and 2008 Lawsuit under a full reservation of rights under the Policy.

26. As with any insurance policy, the Policy issued to Schmiede provides coverage only for damages or loss in accordance with the terms, conditions, and limitations of the Policy under applicable law.

27. The Policy provides, in pertinent part, under the heading "EXCLUSION – DESIGNATED PRODUCTS" on page 187, that:

> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule.

### SCHEDULE

**Designated Product(s):**

> aircraft or aerospace parts or products[.]

28. The dummy landing gear assemblies to be used in testing military aircraft and that are alleged to contain beryllium copper bushings sold to Lockheed Martin by Schmiede are "aircraft parts or products."

29. The Policy does not provide coverage for damages sought by the plaintiffs in the 2004 Lawsuit or 2008 Lawsuit because of the exclusion of coverage for bodily injuries arising out of aircraft parts or products.

30. Plaintiff has complied at all times with the terms conditions, and provisions of the Policy.

31. Plaintiff is entitled to a declaration from the Court, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 as to its respective rights, obligations, and liabilities under the Policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, The Netherlands Insurance Company, prays as follows:

a. That this Court take jurisdiction over this matter;

b. That proper process issue requiring Defendants to appear and answer;

c. That the provisions of the Policy be construed and the respective rights, obligations, and liabilities of Plaintiff and Defendants be determined thereunder;

d. That it be determined and a declaratory judgment be entered declaring that Plaintiff has no duty to defend Schmiede in either the 2004 Lawsuit or the 2008 Lawsuit;

e. That it be determined and a declaratory judgment be entered declaring that Plaintiff has no duty to indemnify Schmiede for any damages sought in either the 2004 Lawsuit or the 2008 Lawsuit;

f. That in the event that a judgment is obtained against Schmiede in the 2004 Lawsuit and/or the 2008 Lawsuit, each of these Defendants is precluded from recovering that judgment or judgments from Plaintiff;

g. That it be determined and a declaratory judgment be entered declaring that Plaintiff has not breached any obligation that it owes or is alleged to owe to Schmiede under the Policy; and

h.  For such other and general relief as this Court deems just and equitable, plus the costs of this cause.

Respectfully submitted,

BURCH, PORTER & JOHNSON,
a Professional Limited Liability Company

_____
Scott J. Crosby (TN BPR # 014287)
Eric J. Plumley (TN BAR # 022236)
130 North Court Avenue
Memphis, Tennessee 38103
T:   901.524.5000
F:   901.524.5024
scrosby@bpjlaw.com
eplumley@bpjlaw.com